**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

JOSE E. RODRIGUEZ,
                Plaintiff,

v.                                       No. 11-CV-274
                                                      (NAM/DRH)

AGENT ANDREN, Immigration Agent,

                Defendant,[1]

---

**APPEARANCES:**                       **OF COUNSEL:**

JOSE E. RODRIGUEZ
Plaintiff Pro Se
10-A-3093
Mid-State Correctional Facility
Post Office Box 2500
Marcy, New York 13403

HON. ERIC H. HOLDER, JR.           TROY D. LIGGETT, ESQ.
United States Attorney General        Trial Attorney
Attorney for Defendant
United States Department of Justice
Civil Division
Office of Immigration Litigation
Post Office Box 868
Ben Franklin Station
450 Fifth Street, N.W.
Washington, D.C. 20044

**DAVID R. HOMER
U.S. MAGISTRATE JUDGE**

---

[1] In a letter to the Clerk of the Court and in the amended complaint, Rodriguez asserts that he intended to sue both the Department of Immigration and defendant Anden. Dkt. No. 10; Am. Compl. (Dkt. No. 11) ¶ 3.  Therefore, given the special solicitude to which Rodriguez is entitled as a pro se litigant, it will be deemed that he has sued defendant Andren in both his individual and representative capacities.

**REPORT-RECOMMENDATION AND ORDER**[2]

Plaintiff pro se Jose E. Rodriguez ("Rodriguez"), an inmate in the custody of the New York State Department of Correctional and Community Services ("DOCCS"), brings this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) alleging that defendant, an immigration agent, violated his constitutional rights by lodging a detainer order and by previously deporting him to Mexico. Am. Compl. (Dkt. No. 11). Presently pending is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, 12(b)(6). Dkt. No.16. Rodriguez has not opposed the motion. For the following reasons, it is recommended that defendant's motion be granted.

**I. Failure to Respond**

Rodriguez did not oppose defendant's motion although he was granted sua sponte two extensions of time to do so. See Text Orders dated 7/14/11 & 9/13/11. "The fact that there has been no response to a . . . motion does not. . . mean that the motion is to be granted automatically." Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996). Even in the absence of a response, defendants are entitled to judgment only if the material facts demonstrate their entitlement to judgment as a matter of law. Id.

---

[2]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

## II. Background[3]

Rodriguez was deported to Mexico in the early 2000s. Dkt. No. 9 at 8. Rodriguez re-entered the United States and had various encounters with law enforcement. Id. at 6, 8. In June 2010, Rodriguez was detained in New York after pleading guilty to felony burglary. Id. at 3. At that time, it was noted that Rodriguez's citizenship was unknown, there was an immigration detainer on file, but Rodriguez had claimed that he was born in Texas. Id. at 2-3. On April 14, 2011, the Immigration detainer was removed. Id. at 7. The amended complaint was filed on May 12, 2011. Am. Compl. ¶ 7. The amended complaint alleges constitutional violations based on Rodriguez's history of being deported to Mexico and having an immigration detainer previously placed on him. Id. ¶¶ 4-5.

## III. Discussion

Rodriguez contends that his constitutional rights have been violated because he is treated like an alien despite his United States citizenship by being subjected to immigration detainers and improper deportations. Defendant moves for dismissal for lack of subject matter jurisdiction and failure to state a claim.[4]

---

[3] In a letter filed May 3, 2011, Rodriguez filed various documents in support of the allegations in his complaint. Dkt. No. 9. Those documents may be considered "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction." Marakova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citations omitted).

[4] As discussed infra, because the Court does not have subject matter jurisdiction over the present claims, the underlying merits of the case need not be addressed.

**A. Legal Standard**

Fed. R. Civ. P. 12(b)(1) authorizes dismissal of a claim when the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Specifically, the district court must retain "the statutory or constitutional power to adjudicate [the matter]," and without that power, the court does not retain proper jurisdiction. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citations omitted). Moreover, in order "[t]o sustain . . . jurisdiction in the present case, it is not enough that a dispute [be] very much alive when suit was filed, or when review was obtained . . . ." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). Thus, "throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477 (1990)). "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1945 (2009) (citations omitted). "[T]he standards for dismissal under [Rule] 12(b)(6) and 12(b)(1) are substantively identical," except that the plaintiff has the burden of establishing jurisdiction in a 12(b)(1) motion. See Lerner v. Fleet Bank, N.A., 318 F.3d 113, 128 (2d Cir. 2003) (citations omitted).

Rule 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). However, this "tenet . . . is inapplicable to legal conclusions[; thus, t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)

4

(holding that "entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . [as] courts are not bound to accept as true a legal conclusion couched as a factual allegation.")).

Accordingly, to defeat a motion to dismiss, a claim must include "facial plausibility . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556 (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].")); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible . . . .") (citations omitted). Determining whether plausibility exists is "a content specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950-51.

When, as here, a party seeks dismissal against a pro se litigant, a court must afford the non-movant special solicitude. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir.2006); see also Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191-92 (2d Cir.2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds pro se, ... a court is obliged to construe his pleadings liberally.' " (citations omitted)).

### B. Jurisdiction

The REAL ID Act of 2005 divested district courts of jurisdiction over a host of immigration matters by declaring that:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory) . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). Thus, any claims regarding Rodriguez's prior removal hearings are barred as the district courts retain no power to hear such challenges. Moreover,

> Notwithstanding any other provision of law (statutory or nonstatutory) . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . . .

8 U.S.C. § 1252(a)(5); see also Delgado v. Quarantillo, 643 F.3d 52, 55 (2d Cir. 2011) (holding that § 1252(a)(5) bars both direct and indirect challenges of removal orders). Specifically, any "petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." Id. § 1252(b)(2). This includes "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States . . . ." Id. § 1252 (b)(9).

Therefore, to the extent that Rodriguez is challenging any of his prior removal orders on any legal bases, including the constitution, or the actions, factual findings, or ultimate decisions of the immigration judge, such challenges are inappropriately made in this court. See Clarke v. People of State of New York, No. 08-CV-459 (TJM), 2008 WL 2073954, at *3 (N.D.N.Y. May 14, 2008) (citing cases) (Dkt. No. 16-3). Any challenges lie within the exclusive jurisdiction of the Second Circuit. The same is true for any declarations of citizenship Rodriguez seeks in connection with his prior removal proceedings and withdrawn

6

immigration detainer. Case law shows that when an individual asserts status as a national of the United States through the course of a removal hearing, such claims fall under § 1252 and are properly determined by the courts of appeals. See Jordon v. Att'y Gen. of the United States, 424 F.3d 320, 326 (3rd Cir. 2005) (citing cases which discuss how courts of appeals are the appropriate place to determine nationality claims).

Finally, to the extent Rodriguez is challenging the prior lodging of the last immigration detainer, such claims are also outside the jurisdiction of the court. Because the detainer has been dismissed, the issue is now moot. Duyen Nguyen v. Office of Detention & Removal, No. 10-CV-129, 2010 WL 4975525, at *3 (D. Vt. Oct. 29, 2010) ("Now that the detainer has been withdrawn, there is no relief this court can offer with respect to its effect on [plaintiff's] incarceration status. The petition is therefore moot.") (citing cases) (Dkt. No. 16-5). The only exception to the mootness doctrine, issues which are "capable of repetition yet evading review," Id. (citations omitted), is not triggered here because there has been no indication that Rodriguez will be the subject of a detainer again. Additionally, the lodging of a detainer does not suffice to establish a cognizable injury because the detainer does not "place [the plaintiff] within the custody of the INS." DiGrado v. Ashcroft, 184 F. Supp. 2d 227, 232 (N.D.N.Y. 2002) (citations omitted); see also Roldan v. Racette, 984 F.2d 85, 88 (2d Cir. 1993) (citations omitted) (discussing the Second Circuit's decision about the practical effect of detainers explaining that it "constitutes (1) a notice that future INS custody will be sought at the conclusion of a prisoner's pending confinement by another jurisdiction, and (2) a request for prior notice regarding the termination of that confinement, and thus does not result in present confinement by the INS.").

Accordingly, defendant's motion should be granted and the amended complaint should be dismissed for lack of subject matter jurisdiction.

## IV.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendant's motion to dismiss (Docket No. 16) be **GRANTED** as to all claims.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  November 29, 2011
        Albany, New York

_David R. Homer_
United States Magistrate Judge